# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JOHNNIE MELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3333-SEM-BGC |
| | ) |
| S.A. GODINEZ, Director of the | ) |
| Illinois Department of Corrections, | ) |
| DAWN GOLDEN, Warden of the | ) |
| Logan Correctional Center, and | ) |
| KESS ROBERSON, A/C Warden of | ) |
| the Logan Correctional Center | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Johnnie Melton's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that

1

are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, ___ F.3d ___, 2013 WL 3336713, * 2 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and

conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Melton has filed his lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by Defendants in two ways. *First,* Melton alleges that Defendant Dawn Golden violated his constitutional right by refusing to allow him to deposit funds that he received as a result of a wrongful death suit into a bank account instead of into his prison trust fund account. Melton further alleges that Defendant S.A. Godinez then violated his right by seizing these funds as compensation for housing him at the Logan Correctional Center.

*Second,* Melton alleges that Golden and Defendant Kress Roberson violated his constitutional right to be free from cruel and unusual punishment as protected by the Eighth Amendment. Specifically, Melton claims that the living conditions are so squalid at the Logan Correctional Center that they deprive him of his right

to be free from cruel and unusual punishment protected by the Eighth Amendment.

In order to state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Although Melton has alleged that Godinez and Golden acted under color of state law, he has failed to allege that they deprived him of a federal constitutional right when they allegedly confiscated the funds in his trust fund account.

Presumably, Melton is attempting to allege a deprivation of a property interest protected by the Fourteenth Amendment. "Though the Fourteenth Amendment provides that state officials cannot 'deprive any person of life, liberty, or property, without due process of law,' when the state provides a method by which a person can seek post-deprivation reimbursement for the loss of property, due process is satisfied." *Barnes v. Lake County Jail Trust Fund*, 2010 WL 427777, * 1 (N.D. Ind. Feb. 1, 2010)(citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Illinois provides a procedure for state judicial review of property losses caused by government

employees, and this procedure provides an adequate post-deprivation remedy for purposes of the Fourteenth Amendment's Due Process Clause. *Davis v. Biller*, 2002 WL 648967, * 2 (7th Cir. Apr. 18, 2002)("Davis's allegation that prison guards disposed of his personal property does not state a constitutional claim because he has an adequate state post-deprivation remedy—a tort suit in the Illinois Court of Claims); *Cunningham v. Washington*, 2001 WL 931584 * 3 (7th Cir. Aug. 15, 2001)("The district court also properly dismissed Cunningham's claims that he was deprived of personal property during his time at Big Muddy and at the time of his transfer. Illinois allows inmates to challenge deprivations of property through a tort claim filed in the Illinois Court of Claims. *See* 705 ILCS 505/8. This is an adequate post-deprivation remedy and therefore Cunningham is not entitled to damages under § 1983."). Because Melton has an adequate remedy in state court, he has failed to state a claim for a violation of his due process rights.

However, the Court finds that Melton has stated a claim upon which relief can be granted regarding the conditions of his confinement. The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual

'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id.* at 838. Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen,* 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin,* 49 F.3d 1206, 1208 (7th Cir.

1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here, Melton has alleged that each of the three Defendants knew of the squalid conditions at Logan Correctional Center but did nothing. Melton has alleged that the Center contained and smelled of raccoon urine and feces. In fact, Melton alleges that raccoon urine and feces runs down the walls at the institution and that a family of raccoons lives "between the roofs" at the Center. He also contends that the roof at the Center is falling down. Based upon his allegations of the conditions at the Center, the Court finds that Melton has stated a claim for deliberate indifference under the Eighth Amendment. *E.g.*, *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007)(prisoner stated constitutional claim when he was deprived of basic sanitation items while he was incarcerated for six days in a cell in which blood and feces smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989)(prisoner stated a claim where his requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with feces and was without running water); *DeSpain v. Uphoff*, 264 F.3d 965,

974 (10th Cir. 2001)("Exposure to human waste, like few other conditions of confinement, evokes . . . health concerns . . . and the more general standards of dignity embodied in the Eighth Amendment.").

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendants for deliberate indifference to the conditions of his confinement. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's claim for deprivation of his property rights under the Fourteenth Amendment is dismissed.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

     7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

     8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

     9.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER:   October 11, 2013
FOR THE COURT:

                                                s/ Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                                UNITED STATES DISTRICT JUDGE